LEONARDO M. RAPADAS
United States Attorney
BENJAMIN A. BELILES
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America



FILED
DISTRICT COURT OF GUAM

OCT 2 4 2007

JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-00084 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| NICOLE L. SAN NICOLAS, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, NICOLE L. SAN NICOLAS, enter into the following plea agreement:

1. The defendant, NICOLE L. SAN NICOLAS, agrees to enter a guilty plea to Count II of an Information charging her with Reckless Driving, in violation of 16 G.C.A. Section 9107, as assimilated by 18 U.S.C. Sections 7(3) and 13. Count I will be dismissed after sentencing.

2. The defendant understands that the <u>maximum</u> sentence for Reckless Driving, in violation of 16 G.C.A. Section 9107, as assimilated by 18 U.S.C. Sections 13 and 7(3), is imprisonment for not more than 60 days and a maximum fine of five hundred dollars ($500), and a special assessment fee of $10. Any sentence of incarceration may include a term of supervised

a special assessment fee of $10. Any sentence of incarceration may include a term of supervised release of not more than one year as set forth in 18 U.S.C. Section 3583(b)(3). If the court revokes a sentence of supervised release, the court may incarcerate the Defendant up to an additional term of not more than one year as set forth in 18 U.S.C. Section 3583(e)(3). The total $10 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

3. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purposes of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish the violation of Reckless Driving, the United States must prove each of the following elements beyond a reasonable doubt:

   a. First, that the defendant was operating and/or in physical control of her vehicle;

   b. Second, that such operation and/or physical control was in willful or wanton disregard for the safety of persons or property; and

   c. Third, that the offense occurred on land acquired for the use of the United States and under the exclusive or concurrent jurisdiction thereof, under 18 U.S.C. section 7(3)

5. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the defendant stipulate to the following facts for purposes of the

sentencing:

    a. The defendant was born on 5 July 1983, and is a citizen of the United States.

    b. That on April 20, 2007, in the District of Guam, the defendant, NICOLE L. SAN NICOLAS, willfully and knowingly, drove and operated a vehicle on a highway upon Andersen Air Force Base, Guam, which is land acquired for the use of the United States and under the exclusive jurisdiction thereof, in willful or wanton disregard for the safety of persons or property in violation of 16 Guam Code Annotated, Section 9107, and Title 18, United States Code, Sections 7(3) and 13.

6. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by her counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

7. The defendant agrees to waive any right to appeal or to collaterally attack her conviction. The defendant reserves the right to appeal the sentence actually imposed in her case.

8. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into her plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. Her right to be represented by an attorney;

3

c. Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

d. That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into the plea agreement, she waives, that is, gives up, the right to a trial;

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in a prosecution for perjury or false statement if an answer is untrue;

f. That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from her plea agreement;

g. That she reads, writes and speaks the English language and has no need for an interpreter;

h. That she has read the plea agreement and understands it; and

4

i. The Defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for his defense.

DATED: 10.24.07

/s/
NICOLE L. SAN NICOLAS
Defendant

DATED: 10/24/07

RICHARD ARENS
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 10/24/07   By: _____ for
BENJAMIN A. BELILES
Special Assistant U.S. Attorney

DATED: 10/24/07

_____ for
JEFFREY J. STRAND
First Assistant U.S. Attorney

4